**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **STEVEN LUTZ** <br> **8604 Fire Rock Road** <br> **Laurel, Maryland 20724** <br><br> *Plaintiff,* <br><br> v. <br><br> **U.S. UTILITY CORPORATION** <br> **10176 Baltimore National Pike** <br> **Suite 210** <br> **Ellicott City, Maryland 21042** <br><br> Serve on: <br><br> **Ryan D. Showalter** <br> **Miles & Stockbridge, P.C.** <br> **101 Bay Street, Ste. 2** <br> **Easton, Maryland 21601** <br><br> *Defendant.* | * <br> * <br> * <br> * <br> * Civ. Action No.: 1:16-cv-3336 <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Steven Lutz ("Mr. Lutz") by and through undersigned counsel and for his Complaint against U.S. Utility Corporation ("U.S. Utility") alleges and states as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

2.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress

1

found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

3.   The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.   The FDCPA is a strict liability statute that provides for actual or statutory damages, or both, upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United*

*States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

5. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

## JURISDICTION AND VENUE

6. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiff resides within the District of Maryland.

## PARTIES

8. Plaintiff Steven Lutz is an individual who is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as he is a natural person allegedly obligated to pay any

debt, in this case an amount allegedly owed for front foot benefit and water and sewer facility charges on his principal residence.

9. Defendant U.S. Utility Corporation is a utilities debt collection agency that engages in the practice of debt collection in the state of Maryland. Defendant provides in-house debt collection services for its utility clients, including Statewide Utilities, LLC.

10. At all relevant times, U.S. Utility acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff. Defendant U.S. Utility regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due another, and uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

11. U.S. Utility does not maintain a Maryland Collection Agency License.

## FACTUAL ALLEGATIONS

12. The Plaintiff alleges that the Defendant violated the FDCPA in its efforts to collect front foot benefit charges.

13. The Plaintiff became obligated to pay front foot benefit charges when, along with his wife, he purchased a personal residence in December 2011. The obligation for these charges was owed to Statewide Utilities, LLC. The charge was $150.00 per year.

14. The Plaintiff received no separate bills from Statewide Utilities, LLC and assumed that the charges were included in the quarterly water bills he received.

15. In June 2014, the Plaintiff received the first correspondence from the Defendant in the form of a Notice of Intention to Create Lien which was sent to him by certified mail.

16. Upon receiving the notice, the Plaintiff called and spoke to a representative who worked for either Defendant or Statewide Utilities, LLC. That representative stated that the Plaintiff could pay the assessment plus interest and avoid the filing of the lien.

17. On July 11, 2014, the Plaintiff made a payment of $667.50 through the "PAYLEASE.com" website and received a transaction confirmation number of "29015132."

18. Notwithstanding this payment and the previous agreement to accept this payment in full satisfaction of the outstanding balance, Defendant caused a Statement of Lien to be recorded on the property on August 21, 2014, for $451.67.

19. On December 22, 2014, Statewide Utilities, LLC sent a letter demanding payment of $715.17 (the 2015 assessment of $150.00, plus and alleged past due payment of $565.17).

20. Plaintiff immediately called to straighten out the situation and the representative acknowledged that the amount claimed to be owed was in error because the system had not been updated to reflect the earlier payment on July 11, 2014. The Plaintiff then provided a credit card number to pay the outstanding balance by phone.

21. Statewide Utilities, LLC did not apply a credit for the 2015 payment and in February 2016 indicated to the Plaintiff that he owed $324.00, which he paid on February 9, 2016, again using the "PAYLEASE.com" service.

22. Notwithstanding this payment, on June 28, 2016, Defendant sent Plaintiff a Notice of Intention to Create Lien, claiming that the 2015 and 2016 assessments had not been paid (totaling $300) and that in addition to this amount the Plaintiff was obligated to pay interest in the amount of $76.67, late fees in the amount of $90.00, postage in the amount of $13.62, recordation charges of $113.50 and a collection fee of $120.00. This document was not received by the Plaintiff until July 11, 2016.

23. Defendant attached the notice required under 15 U.S.C. § 1692g that advised the Plaintiff of his rights to dispute the amount alleged, and obtain verification of the debt. The notice also explained, as required by 15 U.S.C. § 1692g(d), that upon written notification of the dispute, Defendant would "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . ."

24. On July 14, 2016, Plaintiff sent Defendant a written dispute and demand for verification of the debt alleged in the June 28th Notice of Intention to Create Lien.

25. Defendant never provided the verification required by 15 U.S.C 1692g(d).

26. Instead, on August 23, 2016, it resumed its collection activity and recorded a lien against the Plaintiff's property asserting that $841.12 was owed when in fact the Plaintiff's account was paid in full.

## COUNT I
## Violation of the Fair Debt Collection Practices Act

27. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

28. The subject debt is a "debt" as defined in 15 U.S.C. § 1692a(5) in that it

6

arose out of a transaction in which the property that is the subject of the transaction was used primarily for personal, family, or household purposes.

29. Defendant has attempted to collect the subject debt by engaging in "communications" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.

30. Congress enacted the Fair Debt Collection Practices Act to stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

31. A debt collector may also not "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

32. A debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This prohibition includes the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). This prohibition also includes taking any "action that cannot legally be taken" and the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(5) & (10).

33. A debt collector may not "use unfair or unconscionable means to collect or attempt to collect any debt. " 15 U.S.C. § 1692f.

34. Additionally, the FDCPA at 15 U.S.C. § 1692g provides for a dispute and verification process between consumers and creditors to minimize instances of mistakes over the amount or existence of a debt or similar errors. The rights and obligations established by section 1692g were considered by the Senate to be a

"significant feature" of the Act. S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696. This is an informal method of dispute resolution that potentially conserves tax dollars and judicial resources.

35. Section 1692g requires debt collectors to provide consumers with a written notice of rights, including the right to notify the debt collector within thirty days of receiving the notice that the consumer disputes the validity of the debt, or any portion thereof. Under this section, the debt collector is required to cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification.

36. Defendant U.S. Utilities violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10); 1692f and 1692g by:

    a. engaging in collection activity in Maryland without obtaining the required collection agency license; and

    b. attempting to collect amounts not actually due and owing;

    c. failing to cease all collection activity after the Plaintiff filed a timely dispute of the validity of the debt; and

    d. failing to verify the validity of the debt after the Plaintiff filed a timely dispute of the validity of the debt.

37. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has sustained actual damages in an amount to proven at trial and is also entitled to statutory damages, costs and attorneys' fees. His actual damages include frustration and emotional distress arising from the filing of improper liens within the

Maryland land records of Anne Arundel County Liber 6016 folio 223, and having to retain counsel to challenge the disputed debt and obtain a satisfaction of the improperly filed liens. Additionally, this lien has affected the Plaintiff's ability to sell his home.

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendant, as follows:

  a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in the amount of $35,000.00;

  b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  d. For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Dated: October 4, 2016          Respectfully Submitted,


*/s/ E. David Hoskins*
E. David Hoskins, Esq., No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com


*/s/ Doris N. Weil*
Doris N. Weil , Esq., No. 19679
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
dorisweil@hoskinslaw.com